JAMES B. HORTON, PLAINTIFF, v. AMERICAN INSTITUTE FOR MENTAL STUDIES, WILLIAM MARTINELLI, PANDULLO CHRISBACHER AND ASSOCIATES, JOINTLY, SEVERALLY AND IN THE ALTERNATIVE, DEFENDANTS, AND AMERICAN INSTITUTE FOR MENTAL STUDIES, DEFENDANT AND THIRD-PARTY PLAINTIFF, v. CLAYTON CONSTRUCTION COMPANY, DIVISION OF RESIDEX CORPORATION AND ADAMS AND REHMANN, PROFESSIONAL ENGINEERS, THIRD-PARTY DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided December 21, 1976.

*Ms. Florence S. Davidow* for plaintiff.

*Mr. James J. Gruccio* for defendant Pandullo Chrisbacher and Associates (*Messrs. Tuso & Gruccio,* attorneys).

*Mr. Frank G. Basile* for defendant American Institute for Mental Studies (*Messrs. Kavesh & Basile,* attorneys).

MILLER, J. C. C., Temporarily Assigned. This is a motion for summary judgment based, in substance, upon the premise that the thrust of the plaintiff's case does not state a claim upon which relief can be granted as to defendant Pandullo Chrisbacher and Associates, *R.* 4:6–2(e). In the present posture neither the pleadings nor any discovery discloses a cause of action against him. Plaintiff counters by arguing that such motion is premature because certain depositions have not yet been taken. Significantly, plaintiff is not the party originating such depositions but the inference is that such depositions might dredge up a cause of action against this defendant.

The question presented is when, if at all, a plaintiff's right to pursue a defendant through the discovery process is cut off. No court cheerfully disposes of any case save on the merits, since the aim of our judicial system is to dispense justice, not to pile up statistics. The object is to dispose of cases on the merits and as fairly as possible and as quickly as justice and fair dealing permit.

██ ██ The other side of the coin, of course, is that both sides have rights. A defendant is as entitled to be speedily rid of baseless claims as a plaintiff is entitled to raise them. The summary judgment process was created to take care of this state of affairs whenever the frame of reference permits its invocation.

A lawsuit may be considered a syllogism, thus:

Major premise = statement of legal principles applicable.

Minor premise = statement of facts bringing major premise into play.

Conclusion = judgment for plaintiff.

Obviously, a plaintiff must establish both major and minor premises in order to prevail. Equally obviously, a defendant must prevail if he strikes down either premise. He may attack the major premise under *R.* 4:6–2(e) or he may attack either major or minor premise under *R.* 4:46. It is, of course, quite possible that plaintiff may state a perfectly valid cause of action and fall short in his search for facts to sustain it.

■■ While the ambit of *R.* 4:46 is broad enough to permit summary judgment motions at any time after the expiration of 20 days from the service of the moving party's pleadings, and while *R.* 4:5–2 requires a pleading to "contain a statement of the *facts* on which the claim is based," the better practice in most cases is to wait until the case has matured and the discovery process has afforded ample opportunity for all parties to have explored the facts before proceeding to attack the minor premise under *R.* 4:46. Courts are aware of the sophisticated nature of certain types of modern litigation such as medical malpractice or products liability suits, and they take into account the fact that time is frequently required in many such cases to sort out the myriad ramifications of current-day technology. This has given rise to the popular theory that ours is a "notice pleading" practice, a superficial and inaccurate belief. Even if it were true (and *R.* 4:5–2 thus ignored), there must inexorably come a time when a plaintiff must respond to an attack upon his case, whether it be upon his major or his minor premise. No system of justice can permit a plaintiff to file a complaint and continue discovery forever. A summons may perhaps be a fishing license but it most certainly is not a hunting license.

Our Supreme Court disposed of this problem in a substantially similar case early in the days of our present system. In *Grobart v. Society for Establishing Useful Manufactures*, 2 *N. J.* 136 (1949), the trial judge had entered judgment on the pleadings against defendant. Plaintiffs appealed, claiming that they should have been permitted to

amend an already amended complaint. Significantly, plaintiffs did not propose any specific amendment. The Supreme Court affirmed the dismissal. As to the proposed amendment, Chief Justice Vanderbilt remarked 2 *N. J.* (at 146) : "Neither the trial court nor the opposing party can be forced to buy a pig in a poke in the shape of an undisclosed amendment."

So here, neither this court nor this defendant can be forced to buy a pig in a poke in the shape of this type of untaken depositions.

The history of this case demonstrates clearly the wisdom of *Grobart*. The accident giving rise to the litigation occurred April 24, 1973. The complaint was filed March 26, 1975, and this defendant was served April 8, 1975. The pretrial order was entered October 12, 1976, and the case has been on the trial list for some time. It is ready for trial subject only to availability of counsel and the priority of older cases.

*R.* 4:24–1 requires discovery to be completed as to each defendant "within 150 days of the date of service of the original complaint on him." The 150 days ran as to this defendant on August 23, 1975.

When additional discovery will not delay the trial of the case this court is liberal in permitting extension of discovery when it appears that such discovery is likely to provide facts helpful in the trial. However, the parties are not entitled to this *as a matter of right* once the 150 days have passed, and as a rule the court will not delay the trial for such a reason absent strong and compelling reasons, which are not present here.

On the day this motion was argued plaintiff had been afforded 632 days to come up with some kind of a case against this defendant. Common sense dictates that if he has not done so by now, he is unlikely to do so in the future. This defendant has rights which this court is bound to respect. Chief Justice Vanderbilt pointed out in *Grobart* (2 *N. J.* at 146), "*Sit finis rerum* is one of the oldest maxims known

to the common law and it applies with greater force than ever in the busy modern world." No purpose would be served by delaying the case any longer. The motion for summary judgment is granted and the case will be listed for trial.